UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
JOHN DOE,                                                  :
:
                Plaintiff,       :      19-CV-09601 (NSR)
   -against-                                              :
:      OPINION & ORDER
VASSAR COLLEGE,                                            :
:
                Defendant.       :
-----------------------------------------------------------X

Nelson S. Román, United States District Judge:

Plaintiff John Doe moves for leave of Court to proceed in this action using pseudonyms for himself and another student relating to allegations of non-consensual touching. Additionally, Plaintiff seeks permission to redact their names from documentary evidence submitted in the action. The motion is unopposed.

For the following reasons, Plaintiff's motion is GRANTED.

## LEGAL STANDARD

Fed. R. Civ. Pro § 10(a) provides in relevant in part that the caption of a complaint or pleading must name all the parties. This requirement serves the purpose of facilitating public scrutiny of judicial proceedings and should not be set aside lightly. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Id.* quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir.1997). There are, however, limited exceptions which permit the use of pseudonyms. *See Smith v. Edwards*, 175 F.3d 99, 99 n.1 (2d Cir. 1999) (pseudonym permitted to protect the privacy interest of a plaintiff who is a minor).


1

In *Sealed Plaintiff*, the Second Circuit adopted the Ninth Circuit's approach regarding the use of pseudonyms and alias in pleadings, namely that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs (1) prejudice to the opposing party and (2) the public's interest in knowing the party's identity." 537 F.3d at 189 quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). When determining whether to permit a plaintiff to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant. *Id.*

When undertaking such a balancing test, district courts should consider but are not limited to:

> (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties"; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations omitted). While no one factor is dispositive, consideration of such factors assist the court in balancing the competing interest of public scrutiny of judicial proceedings, plaintiff's interest in anonymity, and prejudice to the opposing party. *Id.* Thus, in its analysis, the Court need only consider applicable factors. Additionally, courts have some discretion in the granting of an application to prosecute an action under a pseudonym. *Doe v.*

2

*Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996) ("It is within a court's discretion to allow a plaintiff to proceed anonymously.").

## DISCUSSION

There is little question that the instant case involves matters that are highly sensitive or of a personal nature. The allegations in the complaint concern the actions of a private educational institution concerning its handling of an alleged sexual assault. Allegations of sexual assault are generally inherently sensitive and private in nature. Public exposure of the incident for both the victim and the accused, at this stage, may be personally damaging. Public disclosure of victim's identity could result in psychological trauma. Courts have recognized the important public interest in protecting the identities of sexual assault victims to ensure that other victims would not be deterred from reporting similar crimes. *Doe v. Gong Xi Fa Cai, Inc*., No. 19-CV-2678(RA), 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019) (internal citation omitted). Similarly, should Plaintiff, the accused, prevail on his claim(s), the risk of harm is substantial. Lastly, Defendant would not be prejudiced by permitting the Plaintiff to proceed by use of a pseudonym and such use would not only protect the confidentiality of the Plaintiff, but, more importantly, also protect the confidentiality of the victim. Upon due consideration of all the relevant factors, the Court determines they weigh in favor of permitting the use of pseudonyms.

## CONCLUSION

For all the reasons given, the motion is GRANTED. Plaintiff is permitted to proceed under the pseudonym of "John Doe," the alleged victim in this proceeding shall be identified as "Jane Doe," and the parties are granted leave of Court to redact the names of Plaintiff and the victim from documentary evidence submitted in this action.

The Clerk of the Court is respectfully requested to terminate the instant motion, Docket No. 6. This constitutes the Court's Opinion and Order.

November 13, 2019
White Plains, NY

Hon. Nelson S. Román
US District Court, S.D.N.Y.